IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MAVIE DENISE YOUNGSON AND ) <br> TIMOTHY WAYNE YOUNGSON, ) <br> ) <br> v. ) <br> ) <br> BOBO TRANSPORTATION, INC., ) <br> OLIM KODIROV, LOGISTICS ) <br> BUDDY, LLC AND LOGISTICS ) <br> BUDDY TRANSPORTATION, LLC ) | Case No. 1:17-cv-69 <br><br> Judge Reeves/Steger |
| CHRYSTINA BASS AND ) <br> CHRISTOPHER A. BASS, ) <br> ) <br> v. ) <br> ) <br> BOBO TRANSPORTATION, INC., ) <br> OLIM KODIROV, PROCTER & ) <br> GAMBLE MANUFACTURING ) <br> COMPANY, PROCTER & GAMBLE ) <br> COMPANY, PROCTER & GAMBLE, ) <br> LOGISTICS BUDDY, LLC AND ) <br> LOGISTICS BUDDY ) <br> TRANSPORTATION, LLC ) | Case No. 1:17-cv-108 <br><br> Judge Reeves/Steger |

## REPORT AND RECOMMENDATION

Before the undersigned are Defendants' Joint Motions to Consolidate [Doc. 35 in 1:17-cv-69 and Doc. 36 in 1:17-cv-108], which motions were filed in Case No. 1:17-cv-69 (the "*Youngson* lawsuit") and Case No. 1:17-cv-108 (the "*Bass* lawsuit"). The parties appeared before the Court for oral arguments on these motions on October 25, 2017. For the following reasons, I will **RECOMMEND** that the Joint Motions to Consolidate in the *Youngson* lawsuit and the *Bass* lawsuit be **GRANTED**.

## I. ANALYSIS

Rule 42 of the Federal Rules of Civil Procedure permits this Court to consolidate actions "if the actions . . . involve a common question of law or fact." When considering consolidating related actions, the Court should consider whether "the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources.'" *Carpenter v. GAF Corp.,* Nos. 90-3460, 90-3461, 1994 WL 47781, at *1 (6th Cir. Feb. 15, 1994) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Once the decision to consolidate is made, however, the suits are not "merged" into a "single cause" of action, nor do the rights of the parties change. *See Blanchard v. Tenn. Valley Auth.*, Nos. 3:09-cv-09, 3:09-cv-14, 3:09-cv-114, 2010 WL 2721491, at *2 (E.D. Tenn. July 8, 2010).

Here, the Court finds that common questions of law and fact predominate in these two actions. The *Bass* lawsuit was filed on February 27, 2017. The *Youngson* lawsuit was filed on March 9, 2017. Both lawsuits arise from the same vehicle accident that occurred on March 16, 2016. Defendant Olim Kodirov was operating a truck on Interstate 24 in Marion County, Tennessee, when he allegedly rear-ended a line of vehicles which had slowed or stopped in traffic on the interstate. Both the *Bass* vehicle and the *Youngson* vehicle were among the vehicles involved in this collision. Consequently, the facts relating to causation of this motor vehicle accident should be virtually identical as to both sets of plaintiffs.

Furthermore, there is almost a complete overlap among the defendants in these two lawsuits. Defendants Bobo Transportation, Inc., Olim Kodirov, Logistics Buddy, LLC, and Logistics Buddy Transportation, LLC are named in both lawsuits. Various Procter & Gamble entities (the company that allegedly shipped the goods in the truck being driven by Defendant

2

Kodirov) are named only in the *Bass* lawsuit; however, all of the defendants, including the Proctor & Gamble entities, are subject to virtually identical theories of liability, *to wit*, negligence against defendants for the occurrence of the accident and contentions of negligent hiring, negligent supervision, negligent training, negligent entrustment and respondeat superior.

Without consolidation, the Court faces a risk of inconsistent adjudication of the factual and legal issues involved. Further, it would impose a significant burden on the witnesses, parties, and the Court in trying these matters separately. And, finally, I find that there is minimal risk of confusion or prejudice in consolidation.

## II.     RECOMMENDATION

Consequently, I **RECOMMEND**[1] the following:

1. Defendants' Joint Motions to Consolidate [Doc. 35 in 1:17-cv-69 and Doc. 36 in 1:17-cv-108] be **GRANTED,** and the *Youngson* lawsuit, Case No. 1:17-cv-69, be consolidated with the *Bass* lawsuit, Case No. 1:17-cv-108.

2. The *Bass* lawsuit, Case No. 1:17-cv-108, should be designated as the lead case and, pending final resolution of these consolidated cases, all subsequent papers, pleadings, and motions shall be filed in Case No. 1:17-cv-108. It will not necessary for the Clerk or the attorneys to note filings on each docket sheet, as it will be understood that, because of the Court's order, each filing in Case No. 1:17-cv-108 will be deemed to have also been filed in Case No. 1:17-cv-69.

3. A Scheduling Order was entered in the *Bass* lawsuit, Case No. 1:17-cv-108, on May 12, 2017; however, no Scheduling Order has been entered in the *Youngson* lawsuit, Case No. 1:17-cv-69. Consequently, I recommend that the Court hold a Scheduling Conference requiring attendance of counsel for all of the parties in these consolidated cases, and that new scheduling deadlines be established and a new Scheduling Order be entered to allow the parties to proceed in lockstep with one another going forward.

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

4. Finally, I recommend that, following completion of discovery, the Court allow the parties an opportunity to revisit the decision as to whether these cases should be consolidated for purposes of trial, to allow counsel an opportunity to demonstrate, based upon evidence adduced during discovery, whether any parties would be prejudiced or the risk of confusion would be heightened by consolidating these cases for purposes of the trial itself.

**ENTER.**

/s/ *Christopher H. Steger*
United States Magistrate Judge