UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MAVIE DENISE YOUNGSON and<br>TIMOTHY WAYNE YOUNGSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>BOBO TRANSPORTATION, INC.,<br>OLIM KODIROV,<br>LOGISTICS BUDDY, LLC,<br>LOGISTICS BUDDY TRANSPORTATION, LLC<br><br>    Defendants.<br><br>CRYSTINA BASS and<br>CHRISTOPHER A. BASS,<br><br>    Plaintiffs,<br><br>vs.<br><br>BOBO TRANSPORTATION, INC.,<br>OLIM KODIROV,<br>PROCTER & GAMBLE DISTRIBUTING, LLC,<br>PROCTER & GAMBLE MANUFACTURING<br>COMPANY,<br>PROCTER & GAMBLE COMPANY,<br>PROCTER & GAMBLE,<br>LOGISTICS BUDDY LLC, and<br>LOGISTICS BUDDY TRANSPORTATION, LLC,<br><br>    Defendants. | Docket No. 1:17-cv-108<br>(Consolidated 1:17:CV-69)<br>REEVES/STEGER |

## LOGISTICS BUDDY TRANSPORTATION, LLC'S ANSWER TO YOUNGSON'S FIRST AMENDED CONSOLIDATED COMPLAINT

Logistics Buddy Transportation, LLC, ("Transportation"), by and through counsel, answers the First Amended Consolidated Complaint (the "Complaint" hereinafter) filed against it as follows:

## FIRST DEFENSE

The Plaintiffs fail to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

In response to the individually numbered allegations of the Amended Complaint, Transportation states as follows:

In response to the "summary", Transportation admits that an accident occurred, but also alleges that it had nothing to do with that accident because it did not carry the load or broker the load or employee the driver or carrier that carried the load. In response to the individually numbered Paragraphs of the Amended Complaint, Transportation states as follows:

1. Transportation is without sufficient information to admit or deny the allegations of Paragraph 1 of the Amended Complaint.

2. Transportation is without sufficient information to admit or deny the allegations of Paragraph 2 of the Amended Complaint.

3. In response to the allegations of Paragraph 3, Transportation states that Transportation and Logistics Buddy, LLC ("Broker" hereinafter), are separate and distinct entities. Transportation admits that it is an authorized federal motor carrier that is located in Sioux Falls, South Dakota.

4. In response to the allegations of Paragraph 4, Transportation states that Transportation and Broker are separate and distinct entities. Transportation

admits that Broker is located in Sioux Falls, South Dakota and that Broker's authorization has been revoked.

5. Transportation is without sufficient information to admit or deny the allegations of Paragraph 5 of the Amended Complaint. Accordingly all such allegations are denied.

6. Transportation is without sufficient information to admit or deny the allegations of Paragraph 5 of the Amended Complaint concerning the residence of Olim Kodirov. Transportation denies the remaining allegations of Paragraph 6. Transportation specifically denies that Kodirov was Transportation's agent or employee.

7. Transportation denies the allegations of Paragraph 7 of the Amended Complaint.

8. Transportation denies the allegations of Paragraph 8 of the Amended Complaint.

9. Transportation admits the allegations of Paragraph 9 of the Amended Complaint.

10. Transportation denies the allegations of Paragraph 10 as stated. Transportation admits that it advertised its services on a website and that the website referenced its carrier services. Transportation admits that the website also advertised separately Broker's brokerage and logistics services. Transportation also states that it provided carrier services as authorized by the FMCSA.

11. Transportation admits the allegations of Paragraph 11 of the Amended Complaint.

12. Transportation admits that it entered into a contract with Exel to provide motor carrier services but denies the characterization of that contract as alleged in Paragraph 12, which quotes the contract piecemeal. Transportation admits that the contract stated certain terms as alleged in Paragraph 12 of the Amended Complaint.

13. In response to the allegations of Paragraph 13 of the Amended Complaint, Transportation admits that it had no other contract with Exel to provide brokerage services, nor did Transportation broker the load at issue in this litigation.

14. Transportation is without sufficient information to admit or deny the corporate history Procter & Gamble or Duracell or Berkshire Hathaway as alleged in Paragraph 14.

15. Transportation denies that it accepted the load at issue in this litigation and denies that it was "legally obligated to transport the load" at issue in this litigation to the extent that the Plaintiffs state that allegation in Paragraph 15.

16. Transportation denies that it accepted the load at issue in this litigation as alleged in Paragraph 16. Transportation admits that Exel did not engage Transportation to broker the load and admits that Transportation does not have brokerage authority. Transportation denies that it brokered or attempted to broker the load at issue in this litigation.

17. Transportation denies the characterization of the statutory and regulatory provisions which Plaintiffs cite in Paragraph 17.

18. Transportation denies the allegations of Paragraph 18 of the Amended Complaint.

19. Transportation denies the allegations of Paragraph 19 of the Amended Complaint.

20. Transportation denies that it had a duty to investigate the safety of the carrier or driver who actually carried the load at issue in this litigation as alleged in Paragraph 20 of the Amended Complaint.

21. Transportation denies that Transportation had a policy in effect as described in Paragraph 21 of the Amended Complaint.

22. In response to the allegations of Paragraph 22, Transportation denies that it was under any obligation to "adequately investigate the safety history" Bobo Transportation because Transportation did not broker the load at issue in this litigation.

23. In response to the allegations of Paragraph 23, Transportation denies that it was under any obligation to investigate Bobo Transportation because Transportation did not broker the load at issue in this litigation.

24. Transportation denies the allegations of Paragraph 24.

25. In response to the allegations of Paragraph 25, Transportation denies that it was under any obligation to investigate Bobo Transportation because Transportation did not broker the load at issue in this litigation.

26. Transportation denies the allegations of Paragraph 26 of the Amended Complaint.

27. Transportation denies that it imposed any obligations on Bobo or its driver as alleged in Paragraph 27 of the Amended Complaint.

28. Transportation denies that it imposed any obligations on Bobo or its driver as alleged in Paragraph 28 of the Amended Complaint.

29. Transportation is without sufficient information or to admit or deny the allegations of Paragraph 29 of the Amended Complaint. Accordingly, all such allegations are denied.

30. Transportation is without sufficient information to admit or deny the allegations of Paragraph 30 of the Amended Complaint.

31. Transportation is without sufficient information to admit or deny the allegations of Paragraph 31 of the Amended Complaint.

32. Transportation is without sufficient information to admit or deny the allegations of Paragraph 32 of the Amended Complaint.

33. Transportation is without sufficient information to admit or deny the allegations of Paragraph 33 of the Amended Complaint.

34. Transportation is without sufficient information to admit or deny the speed at which Kodirov was driving what time of the collision. Transportation admits the remaining allegations of Paragraph 34 of the Amended Complaint.

35. Transportation is without sufficient information to admit or deny the allegations of Paragraph 35 of the Amended Complaint.

36. Transportation admits the allegations of Paragraph 36 of the Amended Complaint.

37. Transportation denies that it caused any damages or injuries to the Plaintiffs to the extent that that the Plaintiffs state that allegation in Paragraph 37 of the Amended Complaint.

38. Transportation denies the allegations of Paragraph 38 of the Amended Complaint.

39. Transportation denies that the Plaintiffs are entitled to any relief from Transportation.

40. Transportation admits that it is a South Dakota limited liability company. Transportation denies the remaining allegations of Paragraph 40.

41. Transportation denies the allegations of Paragraph 41 of the Amended Complaint.

42. Transportation denies the allegations of Paragraph 42 of the Amended Complaint.

43. Transportation denies the allegations of Paragraph 43 of the Amended Complaint.

44. Transportation re- incorporates its previous responses to the previous allegations of the Amended Complaint.

45. Transportation denies that it accepted the tender of the load from Exel as alleged in Paragraph 45 of the Amended Complaint. Transportation states further that the agreement between Exel and Transportation was not a brokerage agreement.

46. Transportation did not broker the load to the extent alleged in Paragraph 46. Broker is the entity which brokered the load.

47. Transportation denies the allegations of Paragraph 47 of the Amended Complaint.

48. Transportation denies the allegations of Paragraph 48 of the Amended Complaint.

49. Transportation denies the allegations of Paragraph 49 of the Amended Complaint to the extent those allegations are directed to Transportation.

50. Transportation re- incorporates its previous responses to the previous allegations of the Amended Complaint.

51. Transportation denies the allegations of Paragraph 51 of the Amended Complaint.

52. To the extent alleged in Paragraph 52, Transportation denies that it is liable in anyway under the Restatement (Second) of Torts § 411.

53. Transportation denies the allegations of Paragraph 53 of the Amended Complaint.

54. Transportation denies the allegations of Paragraph 54 of the Amended Complaint.

55. Transportation denies the allegations of Paragraph 55 of the Amended Complaint.

56. Transportation denies the allegations of Paragraph 56 of the Amended Complaint.

57. Transportation denies the allegations of Paragraph 57 of the Amended Complaint.

58. Transportation re- incorporates its previous responses to the previous allegations of the Amended Complaint.

59. The allegations of Paragraph 59 of the Amended Complaint are not directed to Transportation, so no response is required of Transportation. To the extent the

allegations of Paragraph 59 are directed to Transportation, those allegations are denied.

60. The allegations of Paragraph 60 of the Amended Complaint are not directed to Transportation, so no response is required of Transportation. To the extent the allegations of Paragraph 60 are directed to Transportation, those allegations are denied.

61. The allegations of Paragraph 61 of the Amended Complaint are not directed to Transportation, so no response is required of Transportation. To the extent the allegations of Paragraph 61 are directed to Transportation, those allegations are denied.

62. The allegations of Paragraph 61 of the Amended Complaint are not directed to Transportation, so no response is required of Transportation. To the extent the allegations of Paragraph 61 are directed to Transportation, those allegations are denied.

63. Transportation re- incorporates its previous responses to the previous allegations of the Amended Complaint.

64. Transportation denies the allegations a Paragraph 64 of the Amended Complaint.

65. Transportation denies the allegations of Paragraph 65 of the Amended Complaint.

66. Transportation re- incorporates its previous responses to the previous allegations of the Amended Complaint.

67. Transportation admits the allegations of Paragraph 67 of the Amended Complaint.

68. Transportation admits the allegations of Paragraph 68 of the Amended Complaint.

69. Transportation admits the allegations of Paragraph 69 of the Amended Complaint.

70. Transportation is without sufficient information to admit or deny the allegations of Paragraph 70 of the Amended Complaint.

71. The allegations of Paragraph 71 of the Amended Complaint are not directed to Transportation, so no response is required of Transportation. To the extent the allegations of Paragraph 71 are directed to Transportation, those allegations are denied.

72. Transportation denies the allegations of Paragraph 72 of the Amended Complaint.

73. Transportation denies the allegations of Paragraph 73 of the Amended Complaint.

74. Transportation re- incorporates its previous responses to the previous allegations of the Amended Complaint.

75. Transportation denies that the cited provisions of the Tennessee Code Annotated are unconstitutional as alleged in Paragraph 75.

76. Transportation denies that it is liable to the Plaintiffs and deny the nature and extent of the alleged damages as stated in Paragraph 76 of the Amended Complaint.

77. Transportation denies the allegations of Paragraph 77 of the Amended Complaint.

78. Transportation denies the allegations of Paragraph 78 of the Amended Complaint.

79. Transportation denies the allegations of Paragraph 79 of the Amended Complaint.

80. Transportation denies the allegations of Paragraph 80 of the Amended Complaint.

81. Transportation denies the allegations of Paragraph 81 of the Amended Complaint.

82. Transportation denies the allegations of Paragraph 82 of the Amended Complaint.

83. Transportation denies the allegations of Paragraph 83 of the Amended Complaint.

84. Transportation denies that the Plaintiffs are entitled to the requested declaratory judgment as alleged in Paragraph 84 of the Amended Complaint.

85. Transportation denies the allegations of Paragraph 85 of the Amended Complaint.

86. Transportation denies that it is liable for the injuries alleged in Paragraph 86 of the Amended Complaint. Transportation denies at this time the nature and extent the injuries alleged in Paragraph 86 of the Amended Complaint.

87. Transportation denies that it is liable for the injuries alleged in Paragraph 86 of the Amended Complaint. Transportation denies at this time the nature and extent the injuries alleged in Paragraph 86 of the Amended Complaint.

88. Transportation denies the allegations of Paragraph 88 of the Amended Complaint.

89. Having responded to the individually numbered allegations of the Amended Complaint, Transportation denies that it is liable to the Plaintiffs in any amount whatsoever.

90. All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied.

## THIRD DEFENSE

Transportation relies upon the defense of modified comparative fault as it currently exists in the State of Tennessee. It is denied that any act or omission of Transportation was such that it constitutes fault which caused or contributed to cause the accident and injuries alleged. In the alternative, if the allegations of the Plaintiffs, with regard to the other defendants' acts or omissions, are proven true, then such acts or omissions may constitute fault which caused or contributed to cause the accident and injuries alleged in mitigation or bar of any recovery from Transportation.

## FOURTH DEFENSE

If the proof at trial shows that the Plaintiffs were negligent in any particular, then Transportation relies upon the doctrine of modified comparative fault and pleads that any recovery against Transportation should be barred or reduced according to the percentage of fault attributed to the Plaintiffs.

## FIFTH DEFENSE

It is denied that the Plaintiffs have stated a claim for punitive damages upon which relief may be granted. The Plaintiffs have failed to allege punitive damages with specificity, and failed to comply with the Tennessee Civil Justice Act of 2011. Transportation relies upon the protections, prohibitions, and rights guaranteed to it by and through the Fourteenth Amendment to the United States Constitution and the due process provisions of the Tennessee Constitution. The imposition of punitive

damages is violative of due process and equal protection provided by the Fourteenth Amendment of the United States Constitution. An award of punitive damages based upon vicarious or joint and several judgments, the lack of reasonable limitation, the lack of specific and set standards, public policy, and/or with the potential to exceed the maximum criminal fines for similar conduct alleged are each in violation of the Fifth and Fourteenth Amendments to the United States Constitution. It is denied that any act or omission of this Defendant was intentional, fraudulent, malicious, or reckless, under the standards set forth in the State of Tennessee, and as must be proved by clear and convincing evidence. Plaintiffs have not alleged that the conduct of Transportation was malicious, intentional, fraudulent, or reckless in the manner required by Tennessee Code Annotated § 29-39-104, and Transportation denies that its conduct was malicious, intentional, fraudulent, or reckless as a matter of law.

### SIXTH DEFENSE

Transportation pleads and relies upon the defenses and limitations set forth in the Tennessee Civil Justice Act of 2011, including but not limited to the caps placed on noneconomic damages and punitive damages pursuant to Tenn. Code Ann. § 29-39-102, Tenn. Code Ann. § 29-39-104, and/or other provisions of the Civil Justice Act of 2011 relating to any defenses, jury instructions and/or other limitations upon liability or damages contained in the Act.

## SEVENTH DEFENSE

Transportation is not liable to the Plaintiffs on the grounds that the injuries sustained by the Plaintiffs were caused by others beyond its control.

## EIGHTH DEFENSE

Arguing in the alternative, Transportation cannot be held liable for the allegedly negligent acts of an independent contractor.

## NINTH DEFENSE

This action is barred by the Doctrine of Preemption

## TENTH DEFENSE

At the time of the accident at issue, Transportation had no relationship with, control of, right to control, or legal duty or ability to control Bobo and its driver.

## ELEVENTH DEFENSE

Investigation is ongoing and discovery has not fully commenced. If through further investigation and discovery additional defenses become apparent, then this answer may be amended, if necessary, and as allowed pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Plaintiff's Complaint, Transportation seeks to be dismissed with its costs.  Absent dismissal, Transportation demands a jury of twelve (12) persons, but no less than six (6), to resolve any issues remaining and appropriate at the time of trial.

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: /s/ M. Andrew Pippenger
**M. ANDREW PIPPENGER (018183)**
*Attorneys for Defendant Logistics Buddy
Transportation, LLC*
200 West ML King Blvd., Suite 500
Chattanooga, TN 37402-2621
(423) 265-0214 – telephone

## CERTIFICATE OF SERVICE

I hereby certify that on **August 20, 2018**, a copy of the foregoing **Answer to Plaintiff's First Amended Consolidated Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Kenneth W. Ward
Trammell, Adkins & Ward, P.C.
P.O. Box 51450
Knoxville, TN 37950

Paul L. Sprader,
Levan, Sprader, Patton, Plymire & Offut
201 Fourth Avenue North, Suite 1500
Nashville, TN 37219

Daniel J. Ripper
Luther-Anderson, PLLP
P.O. Box 151
Chattanooga, TN 37401-0151

Richard L. Hollow
Hollow & Hollow, LLC
P.O. Box 11166
Knoxville, TN 37939

Henry E. Seaton
Jeffrey Cox
Seaton & Husk, LP
5312 Otter Creek Court
Brentwood, TN 37027

Matthew E. Wright
219 3rd Avenue North
Franklin, TN 37064

Matthew May
Jeffrey Rosenblum
Rosenblum & Reisman, PC
6070 Poplar Avenue, Suite 550
Memphis, TN 38119

By: **/s/ M. Andrew Pippenger**
     M. ANDREW PIPPENGER