IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| MAVIE DENISE YOUNGSON and ) <br> TIMOTHY WAYNE YOUNGSON ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BOBO TRANSPORTATION, INC., OLIM ) <br> KODIROV, LOGISTICS BUDDY, LLC, ) <br> LOGISTICS BUDDY TRANSPORTATION, ) <br> LLC, et al. ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> CRYSTINA BASS, ) <br> CHRISTOPHER A. BASS ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BOBO TRANSPORTATION, INC., OLIM ) <br> KODIROV, PROCTER & GAMBLE ) <br> DISTRIBUTING, LLC, PROCTER & ) <br> GAMBLE MANUFACTURING COMPANY, ) <br> PROCTER & GAMBLE COMPANY, PROCTER ) <br> & GAMBLE, LOGISTICS BUDDY, LLC, ) <br> LOGISTICS BUDDY TRANSPORTATION, ) <br> LLC, ) <br> ) <br> Defendants. ) | Case No. <br> 1:17-cv-00108-PLR-CHS <br> (Consolidated with <br> 1:17-cv-69) <br> <br> Judges: Reeves/Steger |

_____

**PROCTER & GAMBLE DEFENDANTS' RESPONSE TO PLAINTIFFS MOTION TO ENFORCE SETTLEMENT**
_____

Come now the Defendants Procter & Gamble Manufacturing Company, Procter & Gamble Distributing, LLC, Procter & Gamble Company and improperly named defendant "Procter & Gamble"

1

(collectively "Procter & Gamble Entities"), by and through counsel, and submits the following response in opposition to Plaintiffs Motion to Enforce Settlement and in furtherance thereof would state the following:

Because settlement agreements are contracts, the formation and enforceability of purported settlement agreements are governed by applicable state contract law. *Cuyahoga Valley Ry. Co. v. U.S. Bank Trust Nat. Ass'n,* 2013 WL 611369, 4 (6th Cir. 2013). Thus, enforceability of any alleged settlement agreement in this case is to be determined by controlling Tennessee law on contract formation. To render a decision regarding the enforceability of the settlement, this Court must ascertain whether an agreement was reached on **all material terms**. *Eagle Capital Funding, LLC v. Lowman Finishing, Inc.,* 2005 WL 1077726, *5 (M.D. Tenn. 2005).

Contrary to Plaintiffs statement, the parties **did not** reach a settlement agreement on May 30, 2020. (Motion to Enforce ¶ 2). At most, the parties reached an unenforceable "agreement to agree" because essential terms of the settlement, such as the parties to be released, had not yet been determined. *See Abbott v. Abbott,* 2016 WL 3976760, *5 (2016)(stating that agreements to agree "are simply not enforceable" in Tennessee). The parties still have not agreed on this term. Hence, there is no agreement to be enforced.

Under general principles of contract law, a contract must result from a meeting of the minds of the parties in mutual assent

2

to the terms. *Seymour v. Renaissance Healthcare Grp., LLC*, No. 3:14-CV-144-PLR-HBG, 2015 WL 1458049, at *3 (E.D. Tenn. Mar. 30, 2015). If the essential terms of an alleged agreement are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract. *Cadence Bank, N.A. v. The Alpha Tr.*, 473 S.W.3d 756, 774 (Tenn. Ct. App. 2015).

A contract must spell out the obligations of each of the parties with reasonable definiteness. *Jamestowne on Signal, Inc. v. First Federal Sav. & Loan Ass'n.*, 807 S.W.2d 559, 565 (1990). Again, where the document or contract that the parties agree to make is to contain any material term that is not already agreed on, no contract has yet been made; the so-called "contract to make a contract" is not a contract at all. *Gurley v. King*, 183 S.W.3d 30, 38 (Tenn. Ct. App. 2005)(citing Rest. 2nd Contracts § 27).

On May 30th certain terms such as the settlement amount in exchange for a dismissal with prejudice had been decided. However, additional essential terms had yet to be decided. Specifically, the parties had not agreed as to which entities would be released and discharged by the Plaintiffs, Christina and Chris Bass. Surely the identity of the entities that plaintiffs will agree to release and hold harmless is an essential term of this agreement. Without it, a court could not discern, in the event of an alleged breach, whether the plaintiffs have upheld their end of the bargain. *Cadence Bank, N.A.,* 473 S.W.3d 756, 774 (Tenn. Ct. App. 2015).

Due to the fact that the parties had not agreed, or otherwise identified, the entities to be included in the release, Plaintiffs duties under the contract were not yet sufficiently described by counsel's May 30th e-mail which states "we have a deal at 30k in exchange for dismissal with prejudice and general release." (Motion to Enforce, ¶ 3). As a result, the parties had not entered into an enforceable settlement agreement on May 30, 2020.

In fact, the parties have yet to agree on the essential terms of the settlement. In the Defendants' original proposed release both Exel and Duracell were included in the release as parties to be discharged and released. (Attached email of Dan Ripper 6/22/20 and release). Cruz responded on that same date, 6/22/20 stating "Dan, I'm okay with the release but it says check already received". (Email of Patrick Cruise, 6/22/20). Cruz made no mention that there was a problem with the parties to be released but only had a problem with the language stating that the check had already been received. In response to this Ripper advised him to modify the release accordingly, so that it would indicate that the funds had not already been received. (Email of Dan Ripper 6/22/20). However, the release which was actually executed by the Plaintiffs waste changed in a way that is unacceptable by removing parties whom Cruz had already agreed to release in his June 22, 2020 email. Clearly the parties have yet to agree on all essential terms of the agreement as they have yet to agree on the parties to be

4

released in exchange for payment of the settlement proceeds. There is no settlement agreement for this Honorable Court to enforce.

Respectfully submitted,

LUTHER-ANDERSON, PLLP


By: s/Daniel J. Ripper
    Daniel J. Ripper
    TN BPR #015642
    Luther-Anderson, PLLP
    P.O. Box 151
    Chattanooga, TN 37402
    (423)756-5034 Telephone
    (423)265-9903 Facsimile
    dan@lutheranderson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been served on all counsel of record by the CM/ECF system of the Eastern District of Tennessee and/or mail in accordance with the Federal Rules of Civil Procedure and applicable Local Rules on this 13th day of August, 2020.


s/Daniel J. Ripper
Daniel J. Ripper